UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR JOSE CRUZ SERRANO,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-03539-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Victor Jose Cruz Serrano is a Mexican citizen who was admitted to the United States in June 2009 with authorization to remain until July 9, 2019. Dkt. 8 ¶ 3; Dkt. 9-2 at 2. In December 2013, Petitioner was admitted to the United States a second time on a B1/B2 visa that expired on June 19, 2014. Dkt. 9-1 at 3. Petitioner remained in the country after these authorizations expired, and on August 21, 2026, Immigration and Customs Enforcement ("ICE") officers arrested him in Yakima, Washington. *Id.* at 3–4.

The ICE officers served Petitioner with a warrant for his arrest (Dkt. 9-3) and with a Notice to Appear charging him with violating Section 237 of the Immigration and Nationality Act (Dkt. 9-2). *See* 8 U.S.C. § 1227(a)(1)(B) (authorizing the government to remove a noncitizen "whose nonimmigrant visa (or other documentation authorizing admission into the United States

as a nonimmigrant) has been revoked”). ICE determined that Petitioner should remain in federal immigration custody, and Petitioner requested a custody review before an Immigration Judge (“IJ”). Dkt. 9-4. Petitioner was then transferred to the Northwest ICE Processing Center, where he remains detained. Dkt. 8 ¶ 5; Dkt. 3 at 1.

On September 25, an IJ ordered Petitioner removed to Mexico. Dkt. 9-5. Petitioner reserved appeal of that order, *id.* at 5, but it is unclear from the record whether he filed an appeal by the October 26 deadline. *See* Dkt. 8 ¶ 6 (stating that as of October 7, there was no evidence that Petitioner had appealed the removal order). On October 6, an IJ issued an order noting that Petitioner had withdrawn his earlier request for a bond hearing. Dkt. 9-6.

On September 23—two days before his removal order—Petitioner filed a petition for a writ of habeas corpus, arguing that his detention without a bond hearing violates his due process rights. Dkt. 3. On October 7, Federal Respondent ICE Field Office Director filed a return. Dkt. 7. Petitioner did not file a traverse within the deadlines set by the Court. *See* Dkt. 4 ¶ 2.

The habeas petition is now ripe for the Court’s review. For the purposes of this order, the Court assumes that Petitioner is not subject to a final removal order. *See* Dkt. 7 at 3–4 (asserting that Petitioner is detained under 8 U.S.C. § 1226(a)). Because Petitioner has not shown that his detention violated due process, the Court DENIES the petition.

## II. LEGAL STANDARD

“Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions.” 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is “in custody in violation of the Constitution or laws or treaties of the United States.” *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Federal Respondent argues that Petitioner's detention comports with due process. Dkt. 7 at 4–7. Noting that Petitioner is detained under 8 U.S.C. § 1226(a), which entitles him to a bond hearing, Federal Respondent also contends that Petitioner should be required to exhaust administrative remedies by appearing at a bond hearing before an IJ prior to seeking habeas relief in federal district court. *Id.* at 3–4, 7–8.

This Court analyzes due process claims from similarly situated petitioners using the three-step test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Reyes-Lopez v. Mullin*, No. C26-2089-MLP, 2026 WL 2168047, at *4–5 (W.D. Wash. July 28, 2026); *Sidhe v. Scott*, No. 2:26-CV-03188-TMC, 2026 WL 2935934, at *2 (W.D. Wash. Sept. 30, 2026). Under the *Mathews* framework, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. Here, the *Mathews* factors weigh against Petitioner.

Petitioner, who lived in the community for over a decade before his apprehension by ICE, has a liberty interest in freedom from confinement. That interest, however, is tempered by the fact that the government has not acquiesced to his continued presence in the United States. *Reyes-Lopez*, 2026 WL 2168047, at *4. While this Court has previously held that a noncitizen who overstays a visa, subsequently applies for asylum, and has lived successfully in the community for years has the right to notice and a hearing prior to detention, *see, e.g.*, *Ualiyev v. Scott*, No. 2:26-CV-03803-TMC, 2026 WL 3334231, at *2 (W.D. Wash. Nov. 4, 2026), there is no evidence that Petitioner applied for any sort of relief from removal after his admission

expired. *See* Dkt. 9-5 at 2–3 (listing no applications for relief). Unlike an asylum applicant, Petitioner has not "made [his] presence known to the government" or "sought a legal path to remain in the United States." *Ualiyev*, 2026 WL 3334231, at *2; *cf. Gagik T. v. Chestnut*, No. 1:26-CV-04337-MWJS, 2026 WL 1837413, at *3 (E.D. Cal. June 25, 2026) ("[A] noncitizen who has lived at liberty for years while his immigration case proceeds—pursuant to the Government's affirmative decision not to detain him—holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process."). The first *Mathews* factor does not weigh in Petitioner's favor as strongly as it would had he sought affirmative immigration relief during his time in the United States.

As for the second factor, Petitioner had access to a § 1226(a) bond hearing and declined to use that procedure. Petitioner withdrew his request for bond without prejudice and can seek a custody redetermination at any time. *See* Dkt. 9-6 at 2. The Ninth Circuit has concluded that the procedures available under § 1226(a) are generally adequate to satisfy due process, *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–14 (9th Cir. 2022), and Petitioner has not shown why those procedures would be insufficient here.

Finally, as Federal Respondent points out, the government has a strong interest in enforcing its immigration laws. Dkt. 7 at 7 (citing *Rodriguez Diaz*, 53 F.4th at 1208). Weighing the three *Mathews* factors, the Court concludes that ICE's decision to detain Petitioner after he overstayed his visa and took no further action to seek legal status in the United States did not violate his due process rights.

## IV. CONCLUSION

The petition for writ of habeas corpus (Dkt. 3) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 13th day of November, 2026.

Tiffany M. Cartwright
United States District Judge